THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:10-cv-413 (CAR) |
| **$25,036.00 IN UNITED STATES FUNDS,** | : | |
| | : | |
| Defendant Property. | : | |
| _____ | : | |

## DEFAULT JUDGMENT FOR FORFEITURE
## AND FINAL ORDER OF FORFEITURE

Currently before the Court is the Government's Motion for Default Judgment and Final Order of Forfeiture [Doc. 8]. None of the potential claimants have filed a response to the Motion. For the reasons explained below, the Government's Motion [Doc. 8] is **GRANTED**, the Clerk of Court is **DIRECTED** to enter default judgment for the Government. The Final Order of Forfeiture is set forth below.

**Default Judgment**

On November 1, 2010, the Government filed a Verified Complaint for Forfeiture against the Defendant Property. The Complaint alleges that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or constitutes proceeds traceable to such an exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C.§ 881(a)(6).

1

On February 25, 2011, the Government filed an application for clerk's entry of default as to the Defendant Property [Doc. 6]. On that same day, the Clerk of Court entered a Clerk's Entry of Default [Doc. 7] against the Property. The Government now moves for default judgment.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Fed. R. Civ. P. 55(b)(2). Pursuant to Fed. R. Civ. P. 55(b)(2), after obtaining an entry of default from the clerk of court, the plaintiff in a civil suit may apply to the court for a default judgment.

The mere entry of default by the clerk does not automatically warrant the entry of a default judgment. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1987). Although all facts alleged in the complaint are deemed admitted when default is entered, a plaintiff's conclusions of law are not. Id. A court must accept these facts as true and determine whether they state a claim upon which relief may be granted. See Chudasama, 123 F.3d at 1370, n.41. Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

Title 18, United States Code § 985(c)(1) requires that the Government post notice of the action and a copy of the complaint on the Defendant Property, service notice on the defendant property owners or those who may claim an interest, and file a lis pendens with the county records. "[A]ny person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final

publication of notice of the filing of the complaint." 18 U.S.C. § 983(a)(4)(A). Pursuant to Supplemental Rule G(5)(b), once a claim is filed, a claimant must also file an answer within 21 days.

On November 2nd, 4th, and 8th, 2010, in accordance with Rule G(4)(b) of the Supplemental Rules, the Government served copies of the Notice of Forfeiture, Verified Complaint for Forfeiture, and Warrant of Arrest in Rem on the known potential claimants. The potential claimants were directed to file a Statement of Right or Interest with the Clerk of Court within 35 days after receipt of the notice. No potential claimant, however, has filed a claim or an answer to the complaint or has otherwise appeared or answered in this regard, and the time to do so has expired.

On December 10, 2010, the Government also published notice of the civil forfeiture action against the Defendant Property for 30 consecutive days on an official government internet site, www.forfeiture.gov, beginning on November 5, 2010, in accordance with the requirements of Supplemental Rule G(4)(a)(iv)(C).

Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the Defendant Property was required to file a claim no later than 35 days after written notice was sent, or 60 days after the first publication of notice on the official government website on November 5, 2010; those times have expired. The Government has complied with the applicable requirements of the Supplement Rules concerning the notices to potential claimants and the Defendant Property, and they have defaulted. Therefore, forfeiture of the Defendant Property is warranted.

**Final Order of Forfeiture**

Having found the Government is entitled to default judgment in this case, the Court hereby makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. Pursuant to a Warrant of Arrest this Court issued on November 1, 2010, an officer for the United States Marshals Service for the Middle District of Georgia arrested and seized the Defendant Property on November 4, 2010.

2. The United States perfected service of process of this action on potential claimants Alexandria Nicole Barry, Dustin Keith Walker, and Zachary Timothy Rose.

3. The United States published notice of this action on an official government website, (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on November 5, 2010, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. As of today's date, no persons or entities have filed a claim and answer in this action and the time for filing claims and answers has now expired.

5. Plaintiff had probable cause to commence this action against and to seek forfeiture of the Defendant Property.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

All right, title, and interest in the Defendant Property is hereby forfeited to and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

It is SO ORDERED this 23rd day of March, 2011.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL, JUDGE
                                              UNITED STATES DISTRICT COURT

SSH